UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUNG DUY NGUYEN,

Plaintiff,

v.

CALIFORNIA SUPERIOR COURT OF SACRAMENTO,

Defendant.

Case No. 2:25-cv-1732-DJC-JDP (PS)

ORDER TO SHOW CAUSE

On June 20, 2025, plaintiff commenced this action against the California Superior Court of Sacramento. ECF No. 1. On August 11, 2025, plaintiff filed a proof of services showing that on August 5, 2025, he mailed "documents" via UPS to California Superior Court of Sacramento. ECF No. 5. This filing fails to demonstrate that defendant was properly served.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).

Rule 4(j)(2) specifies the procedures for service upon state or local government. For state or local government, such as defendant, service can be completed in accordance with state law for service or by delivering a copy of the summons and complaint to its chief executive officer. Fed.

1

R. Civ. P. 4(j)(2).  California law requires in an action against a California Superior Court that a plaintiff serve the court's executive officer.  Cal. Gov. Code § 955.9(a).  Plaintiff's proof of service does not show that plaintiff properly served defendant.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id*.  Although a pro se litigants are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute "good cause" for failing to timely effect service.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service); *see also* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").  Plaintiff will be ordered to show cause why this action should not be dismissed for failure to timely serve defendant.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff shall show cause within fourteen days from the date of this order why this action should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).

2.  Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for failure to effect services of process.

IT IS SO ORDERED.

Dated:    April 20, 2026                              _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2